IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DONALD R. TAYLOR, 1028547,** ) | |
| Plaintiff, ) | |
| v. ) | No. 3:05-CV-726-M |
| ) | |
| **CINDY SUMNER and YOLANDA CARRELL,**) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are court reporter Cindy Sumner and court coordinator Yolanda Carrell.

**II. Background**

Plaintiff argues Defendants violated his civil rights by preventing him from filing a petition for discretionary review challenging his conviction. Plaintiff states that on November 24, 2003, he asked the trial court and the Fifth District Court of Appeals for assistance in obtaining the court reporter's record and the clerk's record to file a petition for discretionary review. On December 2, 2003, the Court of Appeals ordered the trial court to make the records available to Plaintiff by December 17, 2003.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

Plaintiff submits correspondence showing that Defendant Sumner typed the trial records and filed them with the court on March 10, 2003. After the Court of Appeals' December 2, 2003, order to produce the records, Defendant Carrell obtained the records and asked that another court reporter mail them to Plaintiff. Plaintiff states he did not receive the records and inquired with the court as to their whereabouts. The Clerk of Court informed Plaintiff that the package was returned to the court opened, but with no explanation for the return. Plaintiff alleges Defendant Sumner was untimely in completing the records and that she conspired with Defendant court coordinator Yolanda Carrell to create a fraudulent postal record of mailing the documents to Plaintiff. Plaintiff argues therefore that Defendants conspired to deprive him of access to the courts.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

**Findings and Conclusions of the**
**United States Magistrate Judge**                Page -2-

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

Plaintiff alleges he was denied access to the courts because Defendants prevented him from receiving his trial transcripts and the court record. He argues he therefore was unable to file a petition for discretionary review.

Inmates have a constitutionally recognized right to access the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right, however, is limited. To succeed on a claimed denial of access to the courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that plaintiff must demonstrate his position as a litigant was prejudiced as a direct result of the denial of access to courts). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Without a showing of an actual injury, a plaintiff lacks standing to pursue claims of denial of access to courts. *Id.* at 349.

In this case, Plaintiff has made no showing of an actual injury. The Fifth District affirmed Plaintiff's conviction on October 29, 2003. On November 24, 2003, Plaintiff filed a "Request to Reporter for Record for PDR" and "Designation of Clerk's Record on PDR/Appeal"

with the Fifth District Court of Appeals. (Answers to Magistrate Judge's Questionnaire, Ex. A). On December 2, 2003, the court granted Plaintiff's motions and ordered the trial court to make the records available to Plaintiff within fifteen days. *Id.*

Plaintiff, however, had thirty days from October 29, 2003, to file his PDR. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). Plaintiff did not file an extension of time to file his PDR. Therefore, although the Fifth District ordered that the documents be produced to Plaintiff by December 17, 2003, Petitioner's time for filing a PDR expired on November 28, 2003. Plaintiff cannot show that he was prejudiced by Defendants' failure to produce the records by December 17, 2003, because any PDR filed after November 28, 2003, would have been untimely. Because Plaintiff has shown no actual injury, he has no standing to proceed with his access-to-courts claims.

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed August 31, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -5-